IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRIS C. ARNOLD, JR.  :
           :
           :
           :
           :
   V.       :   C.A.NO.  06-243
           :
           :
           :

STEIN ROE & FARNHAM
n/t/a/d/b/a STEIN ROE
INVESTMENT
COUNSEL. INC.      :

## MEMORANDUM OPINION AND ORDER

RUFE, J.           MARCH 30, 2006

    This action was originally brought by Plaintiff in the Court of Common Pleas of Lancaster County, then removed by Defendant to this Court on the basis of diversity of citizenship. Plaintiff seeks relief from Defendant under the so-called "catch-all" provision of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.Stat.Ann. section 201-2(4)(xxi), which forbids "[e]ngaging

in any other fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding." Presently before the Court is the motion of the Defendant to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. For the reasons that follow, the motion is granted.

When deciding a motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded allegations in the Complaint and view them in the light most favorable to the Plaintiff.[1] A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the Plaintiff.[2]

Plaintiff entered into an investment advisory contract and a letter of discretion with Defendant on March 16, 1977. Under the terms of these documents, Defendant was given discretionary authority to make and recommend investments on behalf of Plaintiff in exchange for non-

---

1.   Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

2.   Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

2

refundable quarterly fees. In 1992, Plaintiff opened a trust account with Defendant in which Defendant was also given discretionary authority to make and recommend investments for a quarterly fee.

Plaintiff alleges that "[d]uring the time that [Defendant] served as an investment advisor it was a fiduciary which had an obligation to maintain the account value, employ reasonably prudent investment principles in accordance with investment industry standards, and to comply with the investment objectives and needs of [Plaintiff] who reasonably understood that [Defendant] would follow the same standards and objectives in exchange for the fees that would be generated off the accounts and paid to [Defendant]." [3]

Plaintiff alleges that Defendant complied with these objectives until January 1, 2000. From January 2000 until June, 2003, Plaintiff alleges that Defendant failed to follow industry standards by not diversifying Plaintiff's assets consistent with his age, needs and objectives. Specifically,

---

3.   Complaint at paragraph 14.

Defendant continued to maintain Plaintiff's accounts in high growth, high risk technology stocks.

Plaintiff alleges that by keeping Plaintiff's assets in high risk stocks from 2000-2003, Defendant deviated from Plaintiff's investment objectives of growth and income given his advancing age.

Plaintiff alleges that "[t]he failure to inform Plaintiff of its departure from meeting the aforesaid standards and objectives was fraudulent and deceptive in that [Defendant] failed to disclose material information upon which [Plaintiff] would justifiably have relied in making a decision to transfer his accounts to another investment advisor…"[4]

Plaintiff alleges that had Defendant continued to comply with the aforesaid standards and objectives and repositioned Plaintiff's assets in a blend of growth and fixed income investments, Plaintiff's accounts would have been worth $2,286,782.00 more in June 2003, when they were transferred from Defendant to another investment adviser.

---

4.    Complaint at paragraph 20.

In order to state a claim under the catch-all provision of the UTPCPL, a Plaintiff must prove the elements of common law fraud.[5] There are six elements to a common law fraud claim in Pennsylvania, each of which the Plaintiff must prove by clear and convincing evidence. Plaintiff must show (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.[6]

In the case sub judice, Plaintiff does not specify any material misrepresentation made by anyone associated with Defendant. Plaintiff does not allege that any individual with  Defendant made a false representation with knowledge of its falsity. Plaintiff does not allege that he relied on any false statement. Indeed, Plaintiff fails to allege any underlying

---

5.   Booze v. Allstate Ins. Co., 750 A.2d 877, 880 (Pa.Super.2000).

6.   Youndt v. First Nat'l Bank, 868 A.2d 539, 545 (2005) (citing Gibbs v. Ernst, 538 Pa. 193 (1994)).

financial scheme or practice or that Defendant benefitted in any way from such a practice.

Instead, Plaintiff simply alleges in general terms that Defendant's sudden departure from certain investing standards and objectives was fraudulent and deceptive. However, Plaintiff does not allege that he communicated any investment objectives to Defendant in the first place or that Defendant ever departed, fraudulently or otherwise, from any agreed upon investment objectives. Plaintiff does not allege that he ever communicated his displeasure with Defendant's choice of investments from 2000-2003, despite having received quarterly statements from Defendant and despite having received advices from Defendant of each transaction in his accounts  pursuant to the investment advisory contract.

Rather, Plaintiff claims that Defendant's investment strategy was not successful for a brief four year period out of the total of 27 years during which the Plaintiff maintained an account with Defendant. Notably, Plaintiff does not complain

of Defendant's investment decisions from 1977-2000 when the stock market was booming, but only claims the Defendant's investment strategy amounted to fraud when the market declined in 2000.

Because Plaintiff has failed to plead adequately plead the necessary elements to state a claim under the UTPCPL, the Complaint must be dismissed. However, the Court will dismiss the Complaint without prejudice at this time to give the Plaintiff a chance to correct the defects in his Complaint, provided he can do so within the strictures of Rule 11 of the Federal Rules of Civil Procedure.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRIS C. ARNOLD, JR.  :
         :
         :
         :
  V.       :  C.A. NO.  06-243
         :
         :
         :
STEIN ROE & FARNHAM
n/t/a/d/b/a STEIN ROE
INVESTMENT
COUNSEL. INC.

## ORDER

   AND NOW, this 30th day of March, 2006, upon

consideration of the motion of the Defendant to dismiss for

failure to state a claim and all responses thereto it is OR-

DERED that the motion to dismiss [Doc. #2] is GRANTED.

   The Complaint is DISMISSED WITHOUT PREJU-

DICE.

   Plaintiff is granted leave to file an Amended Com-

plaint within 30 days within the strictures of Rule 11 of the

Federal Rules of Civil Procedure.

The Clerk is DIRECTED to mark this case closed for statistical purposes.

IT IS SO ORDERED.

/s/ CYNTHIA M. RUFE, J.

_____

CYNTHIA M. RUFE, J.